IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ROBERT LEE NOELL,** § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:08-CV-729-A |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Robert Lee Noell, TDCJ #302200, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Abilene, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

By this habeas petition, Noell challenges a 2008 disciplinary proceeding conducted at the Robertson Unit of TDCJ, and the resultant 30 days recreation and commissary restrictions and

reduction in class status from S3 to L1 (Disciplinary Hrg. R. at 17)  Noell was charged in Disciplinary Case No. 20080345548 with possession of contraband and soliciting a homosexual relationship with another inmate. (*Id.* at 2)  After receiving notice of the charges, Noell attended a disciplinary hearing on August 25, 2008, during which he pled guilty to the offenses. (*Id.* at 1)  Noell filed Step 1 and Step 2 grievances contesting the guilty findings and/or the punishment, to no avail. (Disciplinary Grievance R. at 1-4)  This federal petition for writ of habeas corpus followed.

### D.  ISSUES

Noell contends that the evidence against him was obtained by an unconstitutional search and seizure and unlawful arrest, that favorable evidence was withheld from him, and that he received ineffective assistance of counsel substitute.

### E.  RULE 5 STATEMENT

Quarterman claims Noell has failed to exhaust his state administrative remedies as to the claims presented as required by § 2254(b)(1)(A).  A court may deny a petition on the merits notwithstanding the petitioner's failure to exhaust his state remedies.  28 U.S.C. § 2254(b)(2).

### F.  DISCUSSION

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief.  *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993).  The Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of the prison cell.  *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).  Nor does ineffective assistance of counsel in a prison disciplinary proceeding present a valid claim for federal habeas corpus relief, because there is no constiututional right to representation in a prison disciplinary proceeding.  *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976).

However, prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will

impose upon a liberty interest. With regard to Noell's punishment–temporary recreation and commissary restrictions and reduction in line class status, such punishments, which do not impact the fact or duration of confinement, present no issues of constitutional magnitude. *See Sandlin v. Conner*, 515 U.S. 472, 487 (1995); *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995). The sanctions do not represent atypical or significant hardships or infringe upon a constitutionally protected liberty interest.[1] Absent some constitutionally protected liberty interest, due process does not attach to a prison disciplinary proceeding. Thus, the disciplinary hearing that resulted in those sanctions does not implicate the Due Process Clause. *See Samford v. Staples*, 249 Fed. Appx. 1001, 1004 (5th Cir. 2007) (not reported in the Federal Reporter).

Noell has failed to show that he has been denied a constitutionally protected interest. Accordingly, Noell is not entitled to habeas corpus relief.

## II. RECOMMENDATION

Noell's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been

---

[1] As a general rule, only sanctions which result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision, or which otherwise directly and adversely affect release on mandatory supervision, will impose upon a liberty interest. *See Malchi*, 211 F.3d at 958.

served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 15, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 15, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 25, 2009.

          /s/   Charles Bleil
    CHARLES BLEIL
    UNITED STATES MAGISTRATE JUDGE